**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SMARTERPAW LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:24-cv-2553 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| MULTIPET INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## <u>COMPLAINT</u>

Plaintiff SmarterPaw LLC ("**Plaintiff**"), by and through its attorneys, files this Complaint against defendant Multipet International Inc. ("**Defendant**"), and alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action against Defendant for infringement of Plaintiff's federally-registered, incontestable trademark CATNIBAS (the "**Incontestable Catnibas Mark**") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and for substantial and related claims of trademark infringement, unfair competition, passing off, misappropriation of goodwill, and fraudulent business practices under the statutory and common laws of the State of Kansas, all arising from Defendant's unauthorized use of its putative mark CATABIS in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's CATABIS branded catnip (the "**Infringing Catabis Mark**").

2.    Plaintiff seeks injunctive and monetary relief.

**JURISDICTION**

3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

**VENUE**

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

5.      Plaintiff is a limited liability company formed under the laws of Kansas with a company address of 14702 West 105th Street, Lenexa, Kansas 66215.

6.      Upon information and belief, Defendant is a corporation of New Jersey and has its principal place of business in East Rutherford, New Jersey. Upon information and belief, Defendant purposefully distributes, offers to sell, and sells, various pet related products bearing the Infringing Catabis Mark at multiple retail locations throughout the State of Kansas.

**FACTS**

A.  Plaintiff and Its Incontestable Catnibas Mark

7.      Plaintiff sells various pet products, including catnip and pet toys, under a family of brands with a distinct and playful cannabis-inspired theme, including the Incontestable Catnibas Mark. These award-winning design choices create a recognizable and memorable brand identity, setting the Incontestable Catnibas Mark apart in the pet industry and building strong recognition and goodwill among consumers. For example, Plaintiff sells catnip branded with the Incontestable Catnibas Trademark in jars as well as product packaging evocative of a marijuana cigarette:

 

MEOWIJUANA BY
SMARTERPAW®
CATNIP
Jar of Organic
Catnibas® Catnip Buds

MEOWIJUANA BY
SMARTERPAW®
CATNIP
Catnibas® Supernatural
Meowy J

8.     Plaintiff has made a significant investment in its distinctive branding related to the play on the cannabis-themed catnip.

9.     This includes developing house brands such as Mice Dreams™, Meowi Waui™, and Kalico Kush™ used in connection with the Incontestable Catnibas Mark:



10.     Attached as **Exhibit 1** are photographs and screenshots representative of webpages, product packaging, and products showing Plaintiff's use of the Incontestable Catnibas Mark and cannabis-themed branding in connection with catnip.

11.     Plaintiff owns United States Trademark Reg. No. 5462151 CATNIBAS in class 31 for catnip (the "**'151 Registration**").

12.     The '151 Registration was applied for on April 19, 2017, and registered on the Principal Register on May 8, 2018.

13.     The '151 Registration was transferred to Plaintiff on November 1, 2019.

14.     On January 2, 2024, the United States Patent and Trademark Office ("USPTO") acknowledged the '151 Registration as incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 2** is a true and correct copy of the registration certificate, maintenance records for the '151 Registration, the assignment of the '151 Registration to Plaintiff, and supporting documentation.

15.     Plaintiff or a predecessor in interest has used the Incontestable Catnibas Mark in commerce throughout the United States continuously since at least as early as March 10, 2017, in connection with the distribution, provision, offer for sale, sale, marketing, advertising, and promotion of catnip and catnip-related products.

16.     As a result of its widespread, continuous, and exclusive use of the Incontestable Catnibas Mark to identify Plaintiff as the source of its catnip, Plaintiff owns valid and subsisting federal statutory and common law rights to the Incontestable Catnibas Mark.

17.     Plaintiff's Incontestable Catnibas Mark is distinctive to both the consuming public and Plaintiff's trade.

18.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the catnip sold under the Incontestable Catnibas Mark, including

through its website, social media platforms, third-party e-commerce outlets, and traditional, in-person retail stores.

19.     Plaintiff, by directly and through its licensees and authorized distributors and resellers, distributes, provides, and sells the catnip under the Incontestable Catnibas Mark through online and in-person retail sales.

20.     Plaintiff offers and sells its catnip under its Incontestable Catnibas Mark to a wide range of consumers, including casual shoppers, budget-conscious individuals, and everyday customers.

21.     The catnip products that Plaintiff offers under its Incontestable Catnibas Mark are of high quality. For example, each product marked with the Incontestable Catnibas Mark includes catnip sourced from Canada and the United States to promote freshness.

22.     As a result of Plaintiff's expenditures and efforts, the Incontestable Catnibas Mark has come to signify the high quality of the catnip, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.  Defendant's Unlawful Activities

23.     Defendant is engaged in the business of selling pet related products directly through its online platform, at in-person retail stores, and through third-party websites.

24.     Defendant sells catnip products bearing the term "CATABIS."

25.     Defendant sells catnip products bearing the term "CATABIS" at retails stores owned and/or operated by PetSmart Home Office, Inc. ("PetSmart").

26.     Defendant sells catnip products bearing the term "CATABIS" through the Internet.

27.     Defendant sells catnip products bearing the Infringing Catabis Mark to the same trade channels to the same consuming public as Plaintiff.

28.     Defendant does not have a license with Plaintiff to use Plaintiff's Incontestable Catnibas Mark on any product or service.

29.     Defendant is using the Infringing Catabis Mark without authorization from Plaintiff.

30.     Defendant adopted and began using the Infringing Catabis Mark in U.S. commerce after Plaintiff was using the Catnibas Mark to distribute, provide, advertise, promote, offer to sell, and sell catnip and related pet products.

31.     The Infringing Catabis Mark adopted and used by Defendant is confusingly similar to Plaintiff's Incontestable Catnibas Mark.

32.     For example, "Catnibas" and "Catabis" both closely mirror the sound and rhythm of "cannabis," with their three-syllable structure making them easy to confuse in conversation.

33.     Both marks begin with the word "Cat" and incorporate that word into the mark.

34.     Visually, "Catnibas" and "Catabis" share nearly identical spelling. The shared "c-a-t" and "b-i-s/bas" elements, create a strong visual resemblance, which are confusing to consumers in branding and product recognition.

35.     Defendant is attempting to copy and trade off Plaintiff's cannabis-inspired commercial impression for catnip related pet products.

36.     Defendant uses its Infringing Catabis Mark with cannabis-themed products, such as Defendant's High Hammies pet toys:



37.     This close similarity between the Infringing Catabis Mark brand themes and Plaintiff's Incontestable Catnibas Brand will likely cause consumers to mistakenly associate one brand with the other. Attached hereto as **Exhibit 3** are true and correct copies of representative examples showing Defendant's use of the Infringing Mark.

38.     In summer 2024, Defendant unilaterally approached Plaintiff to discuss a potential acquisition of the Incontestable Catnibas Brand.

39.     During acquisition discussions, Defendant developed, introduced, and expanded new catnip pet product lines specifically targeting cannabis-themed catnip and catnip toys.

40.     Additionally, during acquisitions discussions, Defendant developed, introduced, and expanded its new cannabis-themed pet product line.

41.     Also during that time, Defendant actively pursued discussions with retailers to expand the distribution of these infringing products, further exacerbating the harm to Plaintiff's brand and goodwill.

42.     Defendant distributed, provided, marketed, advertised, promoted, offered for sale, and sold its catnip and related pet products under the Infringing Catabis Mark in sales channels that substantially overlap with Plaintiff's sales channels for its catnip under the Incontestable Catnibas Mark, including direct online sales, sales through third-party retailers such as Amazon.com and Petsmart.com, and through the same retail stores such as retail stores operated by PetSmart.

43.     The catnip marked with Defendant's Infringing Catabis mark sits directly next to catnip marked with Plaintiff's Incontestable Catnibas Mark in certain retail stores:





As illustrated in the photos above, the catnip marked with the Infringing Catabis Mark sits directly next to products branded with the Incontestable Catnibas Mark at stores operated by PetSmart in Kansas.

44.     Select examples of photographs and screenshots of additional sales channels of Plaintiff and Defendant are provided in **Exhibit 4**.

45.     Defendant markets, advertises, and promotes its catnip under the Infringing Catabis Mark through marketing, advertising, and promotional channels that substantially overlap with Plaintiff's marketing, advertising, and promotional channels of catnip under its Incontestable Catnibas Mark.

46.     Defendant has engaged in intentional and systematic efforts to manipulate search engine algorithms and third-party retailer platforms to associate the Infringing Catabis Mark with searches for Plaintiff's Incontestable Mark. These efforts include but are not limited to using the Infringing Catabis Mark in metadata, keywords, and advertising campaigns designed to mislead consumers and divert traffic intended for the Incontestable Catnibas Mark to Defendant's products. As a result, search engine results and retailer listings for the Infringing Catabis Mark appear when consumers specifically search for the Incontestable Mark. Examples of search results returning catnip marked with the Infringing Catabis Mark when users search for catnaabis, catnabas, catnabis, and catnibis on PetSmart.com are provided as **Exhibit 5**.

47.     Defendant targets the same consumers as Plaintiff.

48.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's catnip and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's catnip and related products originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

49.     Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Incontestable Catnabis Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's catnip to Defendant.

50.     Defendant's acts are causing and, unless enjoined, will continue to cause irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE (Federal Trademark Infringement)

51.     Plaintiff repeats and realleges paragraphs 1 through 50 above.

52.     Defendant's unauthorized use in commerce of the Infringing Catabis Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's catnip and related products, and is likely to cause consumers to believe, incorrectly, that Defendant's catnip and related products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

53.     Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Catnibas Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

54.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

55.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO (Federal Unfair Competition)

56.     Plaintiff repeats and realleges paragraphs 1 through 55 above.

57.     Defendant's unauthorized use in commerce of the Infringing Catabis Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's catnip and related products, and is likely to cause consumers to believe, contrary to fact, that Defendant's catnip and related products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is affiliated with or sponsored by Plaintiff.

58.     Defendant's unauthorized use in commerce of the Infringing Catabis Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

59.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

60.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

62.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.      That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114).

2.      Granting an injunction preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.      manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote catnip bearing the term "CATABIS" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Incontestable Catnibas Mark;

b.      engaging in any activity that infringes Plaintiff's rights in its Incontestable Catnibas Mark;

c.      engaging in any activity constituting unfair competition with Plaintiff;

d.      making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

e.      using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or

any marks, names, words, symbols, devices, or trade dress that falsely associate such

business, goods and/or services with Plaintiff or tend to do so;

    f.      registering, or applying to register any trademark, service mark, domain name,

trade name, or other source identifier or symbol of origin consisting of or incorporating

the mark or any other mark that infringes or is likely to be confused with Plaintiff's

Catabis mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

    g.      aiding, assisting, or abetting any other individual or entity in doing any act

prohibited by sub-paragraphs (a) through (f).

3.    Granting such other and further relief as the Court may deem proper to prevent the public

and trade from deriving the false impression that any goods or services manufactured, sold,

distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by

Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by,

or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with

Plaintiff's catnip.

4.    Directing Defendant to immediately cease all manufacture, display, distribution,

marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging,

labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials

that feature or bear any designation or mark incorporating the mark Catabis or any other mark

that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of

Plaintiff's Catnibas mark, and to direct all distributors, retailers, wholesalers, and other

individuals and establishments wherever located in the United States that distribute, advertise,

promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display,

distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all

goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs,

-13-

displays, and other materials featuring or bearing the mark Catabis or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Catnibas mark, and to immediately remove them from public access and view.

5.      Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark CATABIS or any mark consisting of, incorporating, or containing Plaintiff's CATNIBAS mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

6.      Directing Defendant to cancel with prejudice any and all of its registrations for the mark CATABIS or any mark consisting of, incorporating, or containing Plaintiff's CATNIBAS mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

7.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

8.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9.      Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

11.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13.     Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

By: */s/ Justin Poplin*_____
        Allen Justin Poplin, #21598
        AVEK IP, LLC
        7285 West 132nd Street, Suite 340
        Overland Park, Kansas 66213
        Telephone: 913-303-3841
        Facsimile: 913-549-4646
        Email: jpoplin@avekip.com

        Christopher Stanton *(pro hac vice forthcoming)*
        Timothy Sullivan *(pro hac vice forthcoming)*
        METHOD IP, LLC
        2921 West 38th Avenue, #320
        Denver, Colorado 80211
        Telephone: (303) 260-6471
        Facsimile: (303) 362-5573
        Email: chris@methodip.com
                tsullivan@methodip.com

        *Attorneys for Plaintiff*
        *SmarterPaw LLC*